UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| L.N.P., on his own behalf and on behalf of his dependent children P.D.P. and L.D.P. and on behalf of all others similarly situated, *Plaintiffs,* | No. 1:24-cv-1196 (MSN/IDD) |
| v. | |
| MARTIN O'MALLEY, in his official capacity as Commissioner of the Social Security Administration, and THE SOCIAL SECURITY ADMINISTRATION, *Defendants.* | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter comes before the Court on Plaintiff's Motion to Certify Class (ECF 11) and Defendant's Motion to Dismiss (ECF 28). Plaintiff contends that the Social Security Administration ("SSA") has been applying the wrong formula in calculating social security benefits that are payable to children of parents who retire before reaching the full retirement age. This Court agrees. For that reason and for the reasons that follow, this Court will DENY Defendants' motion to dismiss and order further briefing on class certification.

## I.    BACKGROUND[1]

### A.    Legal Background

When an individual applies for old-age insurance benefits, that individual's children are also entitled to receive benefits if they are under the age of nineteen. ECF 1 ("Compl.") ¶ 2. Those benefits, known as "child's insurance benefits," *see* 42 U.S.C. § 402(d), are "equal to half of the

---

[1] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

old-age benefit amount that the parent would receive at full retirement age" (the Primary Insurance Amount or "PIA"[2]). *Id.* But if a parent applies for benefits ***before*** reaching his or her full retirement age, the amount the parent receives is reduced (the actual Retirement Insurance Benefit or "RIB"[3]), but the child's insurance benefit is not reduced (it remains half the PIA). *Id.* This case is ultimately about how the Social Security Administration ("SSA") calculates the cap on the child's benefit when the parent receives a RIB.

Section 203 of the Social Security Act, 42 U.S.C. § 403 ("Section 403") and its implementing regulations, 20 C.F.R. § 403.03, provide guidance for calculating and appropriately reducing social security-related benefits. Under Section 403, the Social Security Administration can reduce benefits (including child's benefits) "'as necessary' to ensure that the total benefits *payable* do not exceed the family maximum." Compl. ¶ 6 (citing 42 U.S.C. § 403; 20 C.F.R. § 403.403) (emphasis in original). The family maximum is the maximum amount of benefits (prescribed by law) that can be paid out to a family on one earnings record. *See* 20 C.F.R. § 403.403(a)(1). If an individual is "entitled to benefits as the insured's dependent or survivor, [their] benefits may be reduced to keep total benefits payable to the insured's family within these limits." 20 C.F.R. § 403.304.

But what determines when the family maximum is reached? Should the SSA only count actual money paid to beneficiaries or consider amounts theoretically available to them? The First Circuit found, albeit in a different context than the one presented here, that the family maximum

---

[2] "The 'primary insurance amount' (PIA) is the benefit (before rounding down to next lower whole dollar) a person would receive if he/she elects to begin receiving retirement benefits at his/her normal retirement age. At this age, the benefit is neither reduced for early retirement nor increased for delayed retirement." *See* https://www.ssa.gov/oact/cola/piaformula.html#:~:text=The%20%22primary%20insuran ce%20amount%22%20(,nor%20increased%20for%20delayed%20retirement.

[3] "The RIB is equal to the PIA reduced by the number of months of entitlement to RIB before full retirement age (FRA)." *See* "RS 00615.010 Chart on Reduced Benefits" located at https://secure.ssa.gov/apps10/poms.nsf/lnx/0300615010. *See also* https://secure.ssa.gov/apps10/poms.nsf/lnx/0300615101.

is reached only on the basis of those benefits actually paid. *See Parisi by Cooney v. Chater*, 69 F.3d 614 (1st Cir. 1995). In *Parisi*, the primary beneficiary's wife was entitled to both her own retirement benefits and spousal benefits on her husband's record, but she only received the former (her auxiliary spousal benefits were zeroed out because her own retirement benefits were higher). *Id.* at 617. The Court found that because the auxiliary spousal benefits were "theoretical" and not "actually payable," the SSA could not deduct them from the husband's family maximum cap (ultimately increasing the amount of child's benefits available). *Id.* at 619-620. In other words, the First Circuit held that "section 403(a) operates to limit the total amount of benefits actually *payable* on a single worker's record, not the amount of entitlements theoretically available." *Id.* at 622 (emphasis in original). Although that conclusion was contrary to the SSA's position at that time, the SSA later issued a ruling that adopted *Parisi's* holding nationwide. Compl. ¶ 45.[4] Plaintiff contends, however, that SSA has continued to apply Section 403 and 20 C.F.R. § 404.403 incorrectly in the context of child's benefits for insureds receiving RIBs. *Id.* ¶ 48.

## B.    Factual Background

Plaintiff L.N.P. applied for Social Security old-age insurance benefits when he was one month shy of sixty-two years old, and four years shy of his "full retirement" age of sixty-six and one-half years old. *Id.* ¶ 23. L.N.P. then applied for insurance benefits for his dependent children who were under the age of nineteen, P.D.P. and L.D.P. *Id.* ¶ 24. L.N.P. was notified that his RIB was $2,154.00 and that his children were entitled to receive $1,107.00 each. *Id.* ¶¶ 67-68. The Notices of Award that disclosed these amounts did not include the SSA's calculations, but L.N.P. determined that his family maximum was $5,168.50 per month and his PIA (the amount he would

---

[4] The SSA acknowledged that the *Parisi* holding meant that "the statutory language of section 203(a) requires SSA to consider the *actual* amount of benefits payable under the relevant benefit provisions, not purely theoretical entitlements, in calculating the total monthly benefits payable on the worker's earnings record under the family maximum." *Id.* ¶ 46 (quoting 64 Fed. Reg. at 57919) (emphasis added).

have received if he applied for benefits at full retirement age) was $2,594. *Id.* ¶ 70. The SSA then deducted L.N.P.'s PIA from the family maximum, leaving $2,215 to be divided equally between his two eligible children, or $1,107 each. *Id.*

Plaintiff alleges that SSA should have instead deducted "the actual amount payable to the Number Holder—the reduced RIB—from the family maximum, not the hypothetical PIA." *Id.* ¶ 54. In Plaintiff's view, if SSA were to properly apply Section 403, 20 C.F.R. § 404.403, and the *Parisi* holding, the calculation would have been as follows: $5,168 (FMAX) - $2,154 (actual paid monthly benefit or RIB) = $3,014.50 (left for two children). *Id.* ¶ 70. But because each child is limited to no more than 50% of the PIA by law, that would have left each child with half of the PIA ($2,954), or $1,477 each per month. *Id.* In sum, the SSA is "using higher benefit amounts to which the individual theoretically may have been entitled to *in the future if s/he had waited to file for benefits at that future full retirement age date* as opposed to the *actual benefits* that s/he is being paid (and is actually entitled to)." *Id.* ¶ 56 (emphasis in original). Because of this alleged error, L.N.P.'s eligible children are receiving $375 per month less than they otherwise would ($1,477 - $1,107). *Id.* ¶ 71. The following chart illustrates the SSA's methodology versus the Plaintiff's suggested methodology:

| SSA Methodology[5] | Plaintiff's Suggested Methodology |
|---|---|
| FMAX ($5,168)<br><br>– (less)<br><br>PIA ($2,954)<br><br>= $2,215<br><br>($2,215 does not exceed PIA, so divide by 2 dependents)<br><br>= $1,107 each, per month | FMAX ($5,168)<br><br>– (less)<br><br>RIB ($2,154)<br><br>= $3,014.50<br><br>(but PIA is $2,954, so divided PIA by 2 dependents)<br><br>= $1,477 each, per month |

L.N.P. brings this suit as a class action on behalf of himself, his children, and other similarly situated persons, alleging violations of Section 403 and 20 C.F.R. § 403.403. Compl. ¶¶ 85-86, 102-107. Plaintiffs have proposed the following definition for their class:

One or more –

[A] (i) dependent, younger than 18 years old children, or (ii) dependent children who have not attained the age of 19 at a time while s/he is still a full-time elementary or secondary school student, of an individual entitled to old-age benefits (who presented a claim for and receives or received such Social Security benefits as a result), who are eligible to receive monthly child's insurance benefits (hereinafter the "eligible child" or "eligible children"), and

[B] as applicable, their legal representative and/or representative payee for purposes of the Social Security Act, where the eligible child(ren) (x) is/are entitled to and is/are receiving, or has/have received, child's insurance benefits under the Social Security Act based on the earnings record of an individual who has presented a claim for old-age insurance benefits prior to his/her full retirement age and thus is entitled to and is receiving, or was entitled to and has received, old-age insurance benefits under the Social Security Act, (y) under such circumstances that the eligible child(ren) may be entitled to past-due benefits (z) that SSA now needs to

---

[5] Plaintiff points to the SSA's Program Operations Manual System ("POMS") which confirms this methodology. *See* POMS RS 00615.756 Adjusting Benefits for the Family Maximum (FMAX). *Id.* ¶¶ 49, 51. "The POMS are not rules or regulations of the agency and have never been published in the Federal Register… [but] they provide instructions to SSA employees on how to carry out various calculations, among other things." *Id.* ¶ 50.

pay such past-due benefits to the eligible child(ren), their legal representative and/or representative payee on their behalf, as applicable.

ECF 12 at 4.

## C.    Procedural History

L.N.P. first filed a class action seeking relief in 2021. *Id.* ¶ 15. But this Court dismissed that case without prejudice for failure to exhaust administrative remedies. *Id.*; *see L.N.P. v. Kijakazi*, No. 1:21-cv-00820, 2021 WL 7185231 (E.D. Va. 2021), *aff'd*, 64 F.4th 577 (4th Cir. 2023).

L.N.P. claims that administrative remedies have now been exhausted. Compl. ¶ 16. L.N.P. sought timely reconsideration of the aforementioned Notices of Award and the SSA affirmed its initial determination by letter on September 9, 2021. *Id.* ¶¶ 72-73. L.N.P. then requested a hearing, which occurred on April 4, 2023. *Id.* ¶ 74. After the hearing, Administrative Law Judge M. Krasnow issued an opinion rejecting L.N.P.'s arguments and concluding that:

> [T]he amount of the claimant's insurance benefits that the claimant's minor children, [names redacted], are receiving has been ***correctly computed*** and that the claimant's children are not entitled to an increase in their monthly benefits under sections 202(a), 202(d), 203(a), and 215(g) of the Social Security Act.

*Id.* ¶ 77 (quoting ALJ Decision at 7, ECF 1-4) (emphasis added). The IJ also explicitly rejected Plaintiff's reliance on *Parisi*, noting:

> The case cited by the claimant in support of his contention is inapposite to the present instance because there is ***no indication*** that the claimant's children were eligible on the basis of more than one earnings record as was the case in *Parisi and Cooney v. Chater*.

*Id.* ¶ 76 (quoting ALJ Decision at 6) (emphasis added). L.N.P. timely appealed this decision to SSA's Appeals Council in October 2023, but the Appeals Council denied the request on May 14, 2024, and deemed the ALJ decision final. *Id.* ¶ 84. Plaintiff then initiated this class action suit on July 9, 2024, seeking to certify a class on July 12, 2024. ECF 1. On September 17, 2024,

Defendants filed an opposition to Plaintiff's class certification motion (ECF 27) and moved to dismiss Plaintiff's complaint (ECF 28). Defendants contend that neither the Social Security Act, its implementing regulations, or SSA's adoption of *Parisi* require the SSA to use the RIB rather than the PIA in reducing auxiliary benefits as necessary so as to not exceed the family maximum. *See generally* ECF 29.

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

This Court may dismiss a claim when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering a motion under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences in favor of the plaintiff." *E.l. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). But this Court need not credit conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 675 (2009).

### B.    Class Certification

A Court may certify a class if the class meets Rule 23(a)'s procedural requirements and Rule 23(b)'s certification requirements. *Bell v. WestRock CP, LLC*, No. 3:17-cv-829, 2019 WL 1874694, at *2 n.3 (E.D. Va. Apr. 26, 2019). That is, the party seeking certification must satisfy the (1) numerosity, (2) commonality, (3) typicality and (4) adequacy requirements. Fed. R. Civ. P. 23(a). And the proposed class must fall within at least one of the three categories of Fed. R. Civ. P. 23(b).

### III.    ANALYSIS

#### A.    Interpretation of the SSA

This Court must "start where we always do: with the text of the statute." *Van Buren v. United States*, 593 U.S. 374, 381 (2021). And this Court finds that the First Circuit correctly engaged in a textual analysis of Section 403(a) in holding that the Social Security Act provides that the SSA use only "actually payable benefits"—not those theoretically available—when determining if the family maximum has been reached. *Parisi*, 69 F.3d at 619.

In *Parisi*, the primary beneficiary's wife (Adriana Parisi) never received the spousal benefits to which she was dually entitled (under 42 U.S.C. § 402(b)(1)) because they were reduced to zero by operation of another sub-section of 402 (42 U.S.C. § 402(k)(3)(A)). *Id.* at 617. Because those spousal benefits were never paid out to her, they were "theoretical" benefits that could not be deducted from the family maximum. *Id.* The Court reasoned as follows:

> Section 403(a)(1) of the SSA limits and requires the reduction "as necessary" of the "total monthly benefits to which beneficiaries may be entitled *under section 402* … on the basis of the wages and self-employment income of [the wage-earner, here Mr. Parisi]." 42 U.S.C. § 403(a) (emphasis added). The agency's claim that section 403(a) requires the inclusion of all "entitlements" in the family maximum computation begs the question whether a so-called "entitlement" created in one part of section 402 [(subsection(b)(1)]] that is simultaneously prevented from yielding any actually payable benefit by another applicable portion of section 402 [(subsection (k)(3)(A))] can properly be deemed an "entitle[ment] under section 402" at all. We doubt that it can.

*Id.* at 618 (emphasis in original). In other words, the Court found that "spousal benefits under section 402(b)(1) [could not be] read in isolation from the rest of section 402." *Id.* at 622. Rather, section 402 must be "considered in its entirety." *Id.* at 618. The First Circuit found this reading consistent with the SSA's regulations, under which "a person is 'entitled' to a benefit only when that person 'has proven **his or her right to benefits** for a period of time.'" *Parisi*, 69 F.3d at 618 (quoting 20 C.F.R. § 404.303) (emphasis added).

This Court recognizes that Plaintiff does not face an issue of dual entitlement,[6] nor were any of his benefits zeroed out. Rather, Plaintiff decided to take retirement early and receive reduced benefits as a result. But the First Circuit's textual analysis of what qualifies as an "entitlement" still applies to these facts. This Court agrees with the First Circuit that "[a] natural reading of this [Section 403] language suggests that the primary object of limitation is the "total monthly benefits" produced by the operation of section 402 *as a whole,* and not … theoretical entitlements created by one fragment of section 402 considered in artificial isolation from the rest of that same section, and wholly apart from the benefits that ultimately attach." *Parisi*, 69 F.3d at 618. As applied here, it is therefore necessary to consider the operation of section 402 "as a whole" on L.N.P. and his family.

When L.N.P. retired early, he was only "paid" his RIB under 42 U.S.C. § 402(q). Under another section of 402 (42 U.S.C. § 402(d)), L.N.P.'s children each received one half of L.N.P.'s PIA. To determine whether or not L.N.P.'s family has reached the maximum amount of benefits they may receive based on L.N.P.'s earnings record (the family maximum), the statute (and *Parisi*'s proper interpretation) command this Court to consider the total of those section 402 benefits. *See Parisi*, 49 F.3d at 618. Thus, it is necessary to add the benefits L.N.P. receives under 402(q) (his RIB or $2,154.00), **and** the amount his children receive under 402(d) (one half of L.N.P.'s PIA, or $1,477.00 each) and **subtract** those benefits from the family maximum to determine if a reduction is "necessary" under Section 403. Because that total ($2,154 + $1,477 + $1,477 = $5,108), is below the family maximum ($5,168.50), no reduction is required. It would be peculiar to replace the RIB with the PIA in this calculation (as the SSA did), because L.N.P. never

---

[6] The Court need not determine whether the SSA's nationwide adoption of *Parisi* encompassed the First Circuit's entire statutory analysis or solely concerned on the issue of dual entitlements, as eventually implemented in 20 C.F.R. § 404.403(a)(5). This Court recognizes that no issue of dual entitlements is present here, but the Court nonetheless adopts the broader reasoning in *Parisi*.

received the PIA under any provision of Section 402—that benefit, therefore, did not "ultimately attach." *Parisi*, 69 F.3d at 618. Accordingly, just as the theoretical benefit that Adriana Parisi never received was not deducted from the family maximum, neither should the PIA that L.N.P. never received be deducted.

The SSA relies primarily on the argument that because the PIA is referenced throughout the statute and the regulations, it must be part of the calculation under Section 403. ECF 29 at 11-12. This Court recognizes that the PIA is the relevant metric for calculating the child's insurance benefits, *see* 42 U.S.C. § 402(d)(2), and the family maximum amount, *see* 42 U.S.C. § 415(a).[7] But the references to the PIA scattered throughout the Social Security Act and its regulations make it even more curious why Congress did not explicitly reference the PIA in Section 403 if it intended the PIA to be deducted from the family maximum in this circumstance.

This Court finds that, under the best reading of Section 403, the RIB (if taken), must be deducted from the family maximum. Because this Court finds that the SSA has been interpreting Section 403 incorrectly, this Court will DENY Defendants' motion to dismiss.

### B.    Class Certification

Under Rule 23 of the Federal Rules of Civil Procure, the Court may only certify a class action if Plaintiff demonstrates: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P.

---

[7] The SSA simplifies the complex statutory formula with a helpful chart. *See* POMS "RS 00605.910 Family Maximum Chart," *available at*: https://secure.ssa.gov/apps10/poms.nsf/lnx/0300605910.

Although during oral argument the parties indicated that the family maximum does not change based on whether or not a person retires early, the POMS chart indicates that the calculation of the maximum changes slightly depending on the year of retirement. *See id.*

23(a).[8] Rule 23 also "contains an implicit threshold requirement that the members of a proposed class be "readily identifiable," or "ascertainab[le]." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

Plaintiff has admitted that the potential class here "is unlimited in temporal scope, likely covering many decades." ECF 12 at 7. The Court is therefore concerned with how Plaintiff plans on identifying a class that is ascertainable and not unbounded. *See EQT Prod.*, 764 F.3d at 358 ("A class cannot be certified unless a court can readily identify the class members in reference to objective criteria."). Given the Court's conclusion that the SSA has departed *from the text* of the statute, *see* Section III.A, the Court finds that it would not be appropriate to use either the date *Parisi* was decided or the date the SSA adopted *Parisi*'s reasoning in dual entitlement cases as the class start date. Accordingly, the Court will direct the parties to further brief the class certification issue in light of the Court's ruling, with the burden on Plaintiff to define the class—including the relevant class period.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons it is hereby

ORDERED that Defendants' motion to dismiss (ECF 28) is DENIED; it is further

ORDERED that Plaintiff shall file additional briefing on class certification on or before February 28, 2025; and it is further

ORDERED that Defendants shall file any response to Plaintiff's supplemental brief on or before March 7, 2025.

---

[8] In addition to the requirements of Rule 23(a), the proposed class must qualify under Rule 23(b)(1), (2), or (3). *See Brown v. Nucor Corp.*, 785 F.3d 895, 931 (4th Cir. 2015).

**SO ORDERED.**

/s/
_____
Michael S. Nachmanoff
United States District Judge

February 14, 2025
Alexandria, Virginia