UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| L.N.P., *Plaintiff*, v. LELAND DUDEK, Acting Commissioner of Social Security Administration, et al., *Defendants*. | No. 1:24-cv-01196-MSN-IDD |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Certify Class (ECF 11). On February 14, 2025, this Court concluded that the Social Security Administration "has been applying the wrong formula in calculating social security benefits that are payable to children of parents who retire before reaching the full retirement age." ECF 49.[1] Now, Plaintiff seeks to certify a class of individuals who received reduced benefits based on the erroneous formula. To that end, Plaintiff proposes a class period reaching back to January 1, 1979, when the current version of the challenged provision, 42 U.S.C. § 403 ("Section 403") took effect. But most individuals in that expansive class would not satisfy the sixty-day statute of limitations applicable to social security claims. And Plaintiff cannot show that equitable tolling on a class wide basis is appropriate. For that reason, and for the reasons that follow, the Court will certify a class period beginning on May 10, 2024, sixty days before the complaint was filed and satisfying the statute of limitations.

---

[1] A more complete recitation of the facts may be found in that memorandum opinion, in which the Court denied Defendant's motion to dismiss. *See generally* ECF 49.

I.  **BACKGROUND**

Plaintiff L.N.P. contends that the Social Security Administration ("SSA") has been applying the wrong formula in calculating the social security benefits that are payable to children of parents who retire before reaching the full retirement age. On February 14, 2025, this Court agreed. ECF 49. In denying Defendants' motion to dismiss, this Court concluded that the SSA had been interpreting Section 203 of the Social Security Act, 42 U.S.C. § 403 ("Section 403") incorrectly. *See generally id.* The *correct* interpretation of Section 403, this Court concluded, requires the SSA to deduct the Retirement Insurance Benefit ("RIB"), not the Primary Insurance Amount ("PIA"), from the family maximum. *Id.* at 10. The Court, however, deferred ruling on Plaintiff's motion for class certification, expressing "concern[] with how Plaintiff plans on identifying a class that is ascertainable and not unbounded." *Id.* at 11. The Court further cautioned the parties that "it would not be appropriate to use either the date *Parisi*[2] was decided or the date the SSA adopted *Parisi*'s reasoning in dual entitlement cases as the class start date," because the "the SSA has departed *from the text* of the statute." *Id.* (emphasis in original). Accordingly, the Court directed the parties "to further brief the class certification issue in light of the Court's ruling, with the burden on Plaintiff to define the class—including the relevant class period." *Id.* That briefing has now concluded, and the issue of class certification is ripe for disposition.

II.  **LEGAL STANDARD**

A Court may certify a class if the class meets Rule 23(a)'s procedural requirements and Rule 23(b)'s certification requirements. *Bell v. WestRock CP, LLC*, No. 3:17-cv-829, 2019 WL 1874694, at *2 n.3 (E.D. Va. Apr. 26, 2019). That is, the party seeking certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2)

---

[2] *Parisi by Cooney v. Chater*, 69 F.3d 614 (1st Cir. 1995).

there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition to the requirements of Rule 23(a), the proposed class must qualify under Rule 23(b)(1), (2), or (3). *See Brown v. Nucor Corp.*, 785 F.3d 895, 931 (4th Cir. 2015).

### III.   ANALYSIS

The Court will certify a class period beginning on May 10, 2024. Plaintiff's proposed forty-five-year class period (stretching back to January 1, 1979)[3] poses several insurmountable hurdles, most notably that many of the purported class members will not satisfy the statute of limitations applicable to social security claims. Under the Social Security Act, a claimant who wishes to seek judicial review of a final decision of the Commissioner must commence that action within *sixty days* after the mailing of a notice of the decision. *See* 42 U.S.C.A. § 405(g). Plaintiff contends that "the circumstances of this case warrant application of equitable tolling of the [sixty]-day period for filing claims under Section 405(g) on a class-wide basis, as the Supreme Court approved in *Bowen v. City of New York*, 476 U.S. 467, 480–81 (1986)." ECF 31 at 8. In *Bowen*, the plaintiff challenged the SSA's determination of who qualifies for disability benefits under the Social Security Act and its regulations. 476 U.S. at 477. The Court concluded that equitable tolling of the sixty-day period was proper because the SSA had relied on "a systemwide, unrevealed policy that was inconsistent in critically important ways with established regulations" to deny disability benefits to certain individuals. *Id.* at 485. The equitable tolling permitted in *Bowen* was therefore premised on the fact that "the Government's secretive conduct *prevent[ed]* plaintiffs from knowing of a violation of rights." *Bowen*, 476 U.S. at 480–81 (emphasis added); *see also Hyatt v.*

---

[3] The date that the Section 403 became effective in its current form. ECF 52 at 1.

*Heckler*, 807 F.2d 376, 381 (4th Cir. 1986) (relying on *Bowen* and approving equitable tolling under Section 405(g) where a "systematic, unpublished policy . . . denied benefits in disregard of the law").

Plaintiff argues that such a secretive policy is present here because Defendants' method of calculating auxiliary benefits—which this Court has now held departs from the text of Section 403—was *only* set out in Defendants' Program Operations Manual System ("POMS") and Social Security Handbook. And because the POMS and Handbook were not published in the Federal Register, class members could not have been on notice of the SSA's calculation methodology. ECF 71 at 18; *see also Johnson v. Shalala*, 2 F.3d 913, 923 (9th Cir. 1993) ("Several courts have held that failure to publish a rule in the CFR is tantamount to enforcing a 'secret' policy.)

This Court disagrees. The POMS is the agency's "*publicly available* operating instructions for processing Social Security Claims." *Ard v. O'Malley*, 110 F.4th 613, 618 (4th Cir. 2024) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler,* 537 U.S. 371, 385 (2003)) (emphasis added). And the SSA's Handbook is also available for review by the public at any SSA office. ECF 66 at 14–15. The Court recognizes that neither the POMS nor the Handbook are published in the Federal Register, but rejects the notion that they are clandestine or secretive. *See Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994) ("It is evident that not every practice of agencies as large as the Social Security Administration … could or should be reduced to published regulations.")*; see also Turnbull v. Berryhill*, 490 F. Supp. 3d 132, 141 n.11 (D.D.C. 2020) ("Unlike in *Bowen*, where the policy was truly hidden … Plaintiffs [point to] the Social Security Handbook, a layperson's guide to SSA policy … [and] concede … that the applicable

provision of the POMS are available to the public."). Accordingly, the Court finds no basis for equitable tolling on a class wide basis.[4]

### A. Rule 23(a) Analysis

The class period as narrowed by this Court, beginning on May 10, 2024, satisfies the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy.

*First,* the Court finds that the numerosity requirement is met with a class period beginning on May 10, 2024. "No specified number is needed to maintain a class action under Fed. R. Civ. P. 23; [rather], application of the rule is to be considered in light of the particular circumstances of the case[.]" *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967). Plaintiff approximated that in 2019 alone there were potentially "47,133 children under age 18 drawing benefits of early retiree(s)." ECF 12 at 8. And classes of at least forty members are large enough to satisfy the numerosity requirement. *See, e.g., Peoples v. Wendover Funding, Inc.*, 179 F.R.D. 492, 497 (D. Md. 1998). Accordingly, the Court is satisfied that a class period beginning on May 10, 2024 would be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

*Second,* the Court finds that the requirements of commonality and typicality are also met with a class period beginning on May 10, 2024. Rule 23(a)(2) requires questions of law or fact common to the Class. Here, there is one common legal question at the center of the case: whether the SSA has been improperly reducing the benefits payable to children of early retirees. And lead Plaintiff L.N.P. "will advance the same legal theories as other class members," satisfying the

---

[4] Nor can this Court determine whether any particular class member might be entitled to equitable tolling for a different reason. Equitable tolling is generally available when a Plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Warfaa v. Ali*, 1 F.4th 289, 294 (4th Cir. 2021) (citation omitted). But such tolling is not well suited to resolution on a class-wide basis because is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Id.* at 294 (citation omitted).

typicality requirement of Rule 23(a)(3). *Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 658 (E.D. Va. 2016).

*Third*, the Court finds that L.N.P. and his counsel, Kelley Drye & Warren LLP, will adequately represent the class members' interests. *See Knurr*, 220 F. Supp. 3d at 658 ("[A]dequacy is satisfied where class counsel is qualified, competent, and experienced, and where class members do not have interests that are antagonistic to one another." (cleaned up)).

**B.     Rule 23(b)**

The Court will certify the class under Rule 23(b)(3).[5] "[C]ertification under Rule 23(b)(3) is appropriate when all of the prerequisites of Rule 23(a) are satisfied and … (1) common questions of law or fact … predominate over any questions affecting only individual class members; and (2) proceeding as a class [is] superior to other available methods of litigation." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014) (citing Fed. R. Civ. P. 23(b)(3)). "These two requirements relate to the action's 'manageability,' which is 'a practical problem, and primarily a factual one with which a district court generally has a greater familiarity and expertise[.]'" *Hooker v. Citadel Salisbury LLC*, 2023 WL 3020967, at *11 (M.D.N.C. Apr. 20, 2023) (quoting *Windham v. American Brands, Inc.*, 565 F.2d 59, 65 (4th Cir. 1977) (en banc) (citation omitted)).

The Court finds that a common question predominates: whether the SSA has departed from the text of Section 403 and applied the wrong formula in calculating auxiliary benefits for early retirees. And although the amount of past-due benefits potentially owed to each class member will

---

[5] The Court does not find certification under Rule 23(b)(2) appropriate, because Rule 23(b)(2) generally "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360–61 (2011). And although Rule 23(b)(2) certification is permissible when the request for monetary relief is "incidental" to the injunctive or declaratory relief, the Court finds no such scenario here. *Berry v. Schulman*, 807 F.3d 600, 609 (4th Cir. 2015) (citations omitted),

differ, predominance is still satisfied "even if individual damage issues remain." *Thomas v. FTS USA, LLC*, 312 F.R.D. 407, 421 (E.D. Va. 2016) (citation omitted); *see also Greenberg v. Colvin*, 63 F. Supp. 3d 37, 45 (D.D.C. 2014) ("[P]redominance is not negated by the fact that each class member will be entitled to a different damages figure in the amount their [benefits] were improperly reduced.").[6] The Court also finds that a class action is the superior vehicle for this controversy as it "aggregate[s] the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 617 (1997).

## IV.   CONCLUSION

The Court finds that a class beginning on May 10, 2024, meets the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy. Furthermore, the class also satisfies the criteria of Rule 23(b)(3). Accordingly, it is hereby

ORDERED that Plaintiff's motion for class certification (ECF 11) is GRANTED IN PART.

The Court CERTIFIES the following class:

All Eligible Children of Early Retirees, where such children, between and including May 10, 2024 and May 30, 2025, received a child's insurance benefit under Section 402(d) of the Social Security Act (the "Act") that was reduced under Section 403(a)(1) of the Act because the Social Security Administration (the "SSA") used the PIA of the Early Retiree instead of the RIB in determining whether the Family Maximum was exceeded, and therefore such children may be entitled to past due benefits.

"Eligible Children" means, as set forth in Section 402(d)(1) of the Act, any child of an Early Retiree (i) who filed, or for whom was filed, an application for child's insurance benefits, (ii) who at the time such application was filed was unmarried and either had not attained the age of 18 or was a full-time elementary or secondary school student and had not attained the age of 19, and (iii) who was dependent on

---

[6] Any concerns that predominance is lacking because of individualized inquiries about who satisfies the statute of limitations, *see e.g.*, ECF 27 at 18, are placated by the Court's decision to shorten the class period.

such Early Retiree at the time of the application. As necessary, Eligible Children shall also include the child's legal representative and/or representative payee.

"Early Retiree" means any individual entitled to receive old-age insurance benefits (but not disability benefits) under Section 402(a) of the Act who applied for and received such benefits prior to reaching full retirement age and therefore received a reduced old-age benefit lower than that of his/her PIA.

"PIA" is the primary insurance amount as defined by the Act.

"RIB" is the retirement insurance benefit that is actually paid to the Early Retiree.

"Family Maximum," as defined in Section 403(a)(1) of the Act, is the maximum amount of total monthly benefits to which beneficiaries may be entitled under Section 402 of the Act on the basis of the wages and self-employment income of the Early Retiree.

Excluded from the class are: (i) Eligible Children who are deceased, (ii) Eligible Children who are not United States citizens, and (iii) Eligible Children of an Early Retiree who ever had excess earnings under Section 403(b).

                                                                      **SO ORDERED.**

                                                                  /s/
                                                       Michael S. Nachmanoff
                                                   United States District Judge

May 30, 2025
Alexandria, Virginia